WILLIAM T. GRAHAM *et al.*, Respondents, v. GEORGE P. GROSS *et al.*, Appellants.

Kansas City Court of Appeals, May 30, 1892.

1. **Instructions:** NO EVIDENCE: OTHER INSTRUCTIONS. There is no ground for complaint that an instruction did not submit the question of negligence, when there is no evidence tending to show negligence, and the question is, however, fully submitted in another instruction.

2. ———: MEASURE OF DAMAGES: VERDICT TOO SMALL. Appellant cannot complain of an instruction in reference to the measure of damages when on his own theory the verdict is less than the respondent is entitled to.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Scarritt & Scarritt*, for appellants.

(1) Plaintiffs' instructions, numbered 3 and 5, are erroneous, in that they omit the material issue of plaintiffs' negligence. Plaintiffs' contributory negligence is perfect defense to such an action as this. Mechem on Agency, sec. 503; *Railroad v. Walker*, 49 Iowa, 273. This issue was clearly made in the pleadings and evidence. No issue should be omitted from an instruction. *Evans v. Railroad*, 16 Mo. App. 522; *Bank v. Westlake*, 21 Mo. App. 565; *Beaucamp v. Higgins*, 20 Mo. App. 514; *Wyatt v. Railroad*, 62 Mo. 408; *Fink v. Phelps*, 30 Mo. App. 431. The error of giving such an instruction is not cured by giving another correct instruction as to the law governing such defense. *Evans v. Railroad, supra; Goetz v. Railroad*, 50 Mo. 472; *State v. McNally*, 87 Mo. 644. Instruction, numbered 4, given on the part of plaintiffs, is erroneous for the same reasons suggested in reference to those, numbered 3 and 5. It is also erroneous and misleading in the assumptions it contains, that defendants' acts caused plaintiffs to lose a sale of the jars to Irwin & Eaton. Such a hypothesis is entirely foreign to both the law and evidence affecting the case, and its introduction into an instruction is reversible error. *Bank v. Overall*, 16 Mo. App. 510; *Skyles v. Bollman*, 85 Mo. 35. Plaintiffs' witness, Houser, says: "Had we been informed that goods ought to have reached Kansas City in five days in order to fill the terms of the contract of sale made by Gross & Holloway, we would have been compelled to refuse the order. (2) The true rule as to the measure of damages is the actual loss that the principal has sustained directly resulting from the negligence or default of the agent. Ewell's Evans on

Agency, p. 229 [Ed. 1879] pp. 314, 322; Mechem on Agency, sec. 518. The measure of damages stated in the instruction was clearly erroneous. *George v. McNeil*, 26 Am. Dec. 498; *Blot v. Boiceau*, 3 Comst. (N. Y.) 78; 51 Am. Dec. 345; *Webster v. DeTastet*, 7 T. Rep. 157; *Wheeler v. Lynch*, 60 N. Y. 469; *Hinde v. Smith*, 6 Lans. 464.

*T. B. Jewell*, for respondents.

The instructions taken together were correct. The amount involved is very small, and the verdict and judgment are clearly for the right party. In the fourth and fifth instructions given at defendants' request the issue of contributory negligence was submitted. This was sufficient. *Owens v. Railroad*, 95 Mo. 169, 181; *Keim v. Ry. & Trans. Co.*, 90 Mo. 314; *Dougherty v. Railroad*, 97 Mo. 647. Evidently, the error, if any, was entirely harmless. *Nance v. Metcalf*, 19 Mo. App. 183; *Gaty v. Sack*, 19 Mo. App. 477. It is submitted that the instructions fairly present the law of the case, and that the judgment ought to be affirmed. *Evans v. Railroad*, 16 Mo. App. 522; *Haniford v. City of Kansas*, 103 Mo. 183; 1 Sutherland on Damages (1884), p. 173.

GILL, J.—Plaintiffs were manufacturers and wholesale dealers in glassware at Bridgeport, Ohio, under the name of Bridgeport Glass Company, and the defendants were plaintiffs' authorized agents to sell said goods at Kansas City. On September 11, 1889, the defendants telegraphed plaintiffs at Bridgeport, Ohio, as follows:

"*Bridgeport Glass Co.*:

"Ship Irwin & Eaton sixty gross one-half gallons; thirty gross quarts—rush.

"[Signed] GROSS & HOLLOWAY."

This was an order for fruit jars which defendants meant to inform the plaintiffs they had sold to Irwin & Eaton, at Kansas City, and at the prices authorized by plaintiffs. Plaintiffs acted on this order, and at once shipped the goods to Irwin & Eaton. They arrived at Kansas City, September 21, ten days after the order was made, but Irwin & Eaton declined to accept the same, claiming that it was provided in the contract entered into with defendants that the fruit jars should be placed in Kansas City in five days. The defendants denied that there was any such agreement on their part; however, the jury trying the case found in favor of this claim so made by Irwin & Eaton. Certain it is, however, that the defendants had no authority to make such conditional sales for the glass company, and equally certain it is, that said agents failed to notify their principals that they had contracted with Irwin & Eaton to have the goods at Kansas City within five days after giving the order. Plaintiffs testify, too, that, had such terms been made known to them at the time the order was telegraphed, the order would not have been accepted nor the jars shipped.

The jars then arriving late in the season, and the reputed purchasers being unwilling to take the goods, they were sold on the Kansas City market at a loss to plaintiffs, and for this loss this action was brought. The jury, under instructions from the court, awarded plaintiffs $100 damages, and defendants have appealed.

I. The objections urged here by defendants' counsel relate entirely to the instructions given. In the first place it is said that the plaintiffs' instructions omit any reference to any negligence on the part of the glass company, thereby shutting out the consideration of one element of the defense. There is no merit in this point, and for two reasons; for, *first*, there is nothing in the evidence to warrant the submission of such

a defense, as it is conclusively shown that the plaintiffs exercised every reasonable diligence in shipping the goods; they were not advised of any promise made to have the goods at Kansas City in five days, nor were they requested by the defendants to ship the goods over any particular route; and, *second*, even to admit there was evidence tending to charge contributory negligence on the plaintiffs, it was sufficiently placed before the jury in defendants' instruction, numbered 4.

II.   Plaintiffs' sixth instruction states the measure of damages to be "the difference, if any, between the price of said goods at which they were originally sold to Irwin & Eaton Crockery Company by defendants, and the reasonable value of said goods in Kansas City at the time the Irwin & Eaton Crockery Company refused to accept them," and with this defendants find fault.   Counsel contend that "the real and positive loss incurred by reason of defendants' unlawful conduct is the measure of the damages that plaintiffs are entitled to recover, if anything in this cause; or, in other words, the difference between the value of the jars in Bridgeport at the time the supposed order was received and their value at Kansas City when it was known that there was no contract between plaintiffs and the Irwin & Eaton Crockery Company."

Whether defendants' counsel are right or wrong in this contention as to the true measure of damages, is here wholly immaterial; since according to their own theory the amount assessed by the jury was less than plaintiffs were entitled to.   That the goods were sold at Kansas City for every dollar they were then worth is not questioned; and the difference between the net amount thus realized and the value of the goods at Bridgeport (when ordered) is more than $100, the damages assessed by the jury.   So then if the court

erred in its instruction as to the measure of damages, it was a harmless error, and, hence, no ground for reversal.

Finding no reversible error in the record, the judgment is affirmed. All concur.